1 SEAN P. NALTY  (SBN 121253)
SHIVANI NANDA (SBN 253891)
2 WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
3 525 Market Street, 17th Floor
San Francisco, California  94105
4 Tel:     (415) 433-0990
Fax:     (415) 434-1370
5
Attorneys for Defendant
6 BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA and THE GUARDIAN LIFE
7 INSURANCE COMPANY OF AMERICA

8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12 SERGIY VASYLYEV                    )    CASE NO.
                                     )
13               Plaintiff,          )    **NOTICE OF REMOVAL OF CIVIL**
                                     )    **ACTION TO FEDERAL COURT**
14         v.                        )    **UNDER 28 U.S.C. §§ 1332, 1441 and 1446**
                                     )    **(Diversity)**
15 BERKSHIRE LIFE INSURANCE          )
COMPANY OF AMERICA; THE             )
16 GUARDIAN LIFE INSURANCE           )    Action Filed:  May 29, 2008
COMPANY OF AMERICA                  )
17                                   )
               Defendants.          )
18 _____ )

19 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20         PLEASE TAKE NOTICE that defendants The Guardian Life Insurance Company of

21 America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire")

22 (collectively "defendants") hereby remove this action to the United States District Court for the

23 Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds that

24 there is complete diversity of citizenship between plaintiff Sergiy Vasylyev ("plaintiff"), a citizen

25 of the State of California, defendant Guardian, who is a citizen of the State of New York, and

26 defendant Berkshire, a citizen of the Commonwealth of Massachusetts; that the amount in

27 controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest or costs, as set

28 forth in § 1332(a); and that the foregoing facts were true at the time the Complaint in this matter

370834.1

was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.

1.      On May 29, 2008 plaintiff filed in the in the Superior Court of the State of California, County of Sacramento, a civil action entitled *Sergiy Vasylyev v. The Guardian Life Insurance Company of America & Berkshire Life Insurance Company of America* ("the Complaint").

2.      Berkshire and Guardian were served with the Complaint on July 25, 2008.  A true, correct and complete copy of the Complaint, served on defendants, is attached hereto as Exhibit A. A copy of the Notice and Acknowledgment of Receipt, signed by defendants' counsel on July 25, 2008, is attached hereto as Exhibit B.

3.      Defendants have not been served with, or received, any other pleadings pertaining to this action except for those documents attached hereto as Exhibit A and B.  Defendants are informed and believe, and thereon allege, that other than the pleadings described in this notice of removal and attached to this notice of removal, there have been no further pleadings, process, or orders filed in this action.

4.      Defendants have filed this notice of removal within 30 days after receipt by defendants of a copy of any pleading, motion, order or other paper from which it was first ascertained that the case is one which is removable.

5.      As demonstrated by the following, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. § 1441, in that it is a civil action between citizens of different states, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and this was true at the time of the filing of the Complaint and remains true as of the time of the filing of this notice.

(a)     Plaintiff was at the time of the filing of this action, and still is, a citizen of the State of California and a resident of Sacramento County.  The Complaint, ¶ 1.

(b)     Guardian was, at the time of the filing of this action, and still is, a citizen of the State of New York, incorporated under the laws of the State of New York, and having its

370834.1

1   principal place of business in New York.  Guardian's home office is in New York and a majority of

2   Guardian's employees work in New York.  The majority of Guardian's operations are in New York.

3   Guardian's senior executives work in New York.

4              (c)     Berkshire was, at the time of the filing of this action, and still is, a citizen of

5   the Commonwealth of Massachusetts, incorporated under the laws of the Commonwealth of

6   Massachusetts, and having its principal place of business in Pittsfield, Massachusetts.  Berkshire's

7   home office is in Massachusetts and a majority of Berkshire's employees work in Massachusetts.

8   The majority of Berkshire's operations are in Massachusetts.  Berkshire's senior executives work in

9   Massachusetts.

10             (d)     This Court's jurisdictional minimum, an amount in controversy in excess of

11  $75,000.00, exclusive of interest and costs, was satisfied at the time of the filing of this action, and

12  still is satisfied, based on the following:

13             (1)     Plaintiff alleges in the Complaint claims for relief for breach of the

14  covenant of good faith and fair dealing ("bad faith"), breach of contract, intentional concealment,

15  and intentional interference with contract and prospective economic advantage.  The Complaint,

16  ¶¶ 55-83.   Without admitting the facts alleged in the Complaint, and solely for the purpose of

17  demonstrating diversity jurisdiction, defendants incorporate by reference, as if they were fully set

18  forth below, the allegations stated in the Complaint.

19             (2)     The Court may, for removal purposes, look to the removal papers for

20  underlying facts establishing the jurisdictional limit.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

21  Cir. 1992).  A removing defendant need only show by a preponderance of evidence that plaintiff's

22  claim exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404

23  (9th Cir. 1996).

24             (3)     Plaintiff claims in the Complaint that he is entitled to damages for

25  breach of contract. The Complaint, ¶¶ 63-68.  Plaintiff alleges that he purchased disability

26  insurance from Guardian. The Complaint,  ¶¶ 9 & 20-23.  Plaintiff further alleges that he became

27  totally disabled in mid September 2006 and that, under the terms of  his three Guardian disability

28  policies ("the Policies"), the monthly benefit in October 2006 was $10,480.00 per month. *Id.* at

¶ 12.  According to plaintiff, from February 2007 to August 2007, Defendants paid $8,080.00 per month in benefits under the Policies rather than the required $10,480.00.  *Id.* at ¶¶ 13-16.  This constitutes $16,800.00 in alleged contract damages ($10,480-$8,080.00 = $2,400.00 x 7 months).

(4)     Plaintiff alleges further that, beginning in September 2007, defendants began paying him $4,040.00 per month rather than the $10,480.00.  *Id.* at ¶ 13-16.  This allegedly continued until March 2008 when Plaintiff alleges that all benefit payments under the Policies were discontinued by defendants.  *Id.* at ¶ 17.  Therefore, between September 2007 and March 2008, plaintiff allegedly sustained $38,640.00 ($10,480.00-$4,040.00 = $6440.00 x 6 months).  The Complaint was filed on May 29, 2008, making three additional months of benefits at issue since the March 2008 denial.  This amounts to $31,440.00 in additional alleged contract damages ($10,480.00 x 3).   The total in alleged contract damages is $86,880.00 ($16,800.00 + $38,640.00 + $31,440).

(5)     In addition to contract damages, if plaintiff proves his allegations of bad faith, and defendants' defenses fail, he can claim compensatory damages in the form of future policy benefits as part of his general damages.  *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 824, 169 Cal.Rptr. 691, 699, fn. 7 (1979).  Plaintiff alleges that he has suffered, and will continue to suffer in the future, damages under the Policies, plus interest, and other economic and consequential damages including the reasonable present value of future disability benefits.  The Complaint, ¶ 59; The Prayer of the Complaint, ¶¶ 2 & 6.  Plaintiff alleges that benefits under the Policies are payable until he is 65.  The Complaint, ¶ 20.  Plaintiff's date of birth is June 21, 1968.  *Id.* at ¶ 19.  There are 300 months of future benefits at issue based on plaintiff's age and plaintiff's allegation that benefits are payable under the Policy until his 65th birthday (June 2008-June 2033 = 25 years x 12).  Based on plaintiff's alleged monthly benefit amount of $10,480.00, and not considering any defenses that defendants may raise, including that this amount must be reduced to present value, the amount of future benefits at issue is $3,144,000.00

(6)     Plaintiff further alleges that the denial of benefits caused him to experience severe emotional distress.  The Complaint, ¶¶ 60; The Prayer of the Complaint, ¶ 2.  He also claims that he is entitled to punitive damages for the willful breach of the Policies.  *Id.* at ¶ 62;

370834.1

The Prayer of the Complaint, ¶ 3.  "Where both actual and punitive damages are recoverable under a Complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943).  The court properly considers plaintiff's punitive damage claim against defendants in computing the amount necessary for federal jurisdiction because plaintiff alleges a claim for punitive damages in his claim for relief for bad faith.  The Complaint, ¶ 62.

        (7)     Finally, plaintiff also alleges a claim for relief for attorney's fees.  The Complaint, ¶¶ 61; The Prayer of the Complaint, ¶ 4.  Attorney's fees incurred in obtaining promised contract benefits are recoverable as an item of tort damage in an action for insurance bad faith.  *Brandt v. Superior Court*, 37 Cal.3d 813, 210 Cal.Rptr. 211 (1985).  If attorney's fees are recoverable by plaintiff, the fee claim is included in determining the amount in controversy. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).  It is reasonable to expect that plaintiff will claim as attorney's fees at least $25,000.00.

     6.     As demonstrated above, plaintiff's damage claims far exceed this Court's jurisdictional limit.  In that there is diversity of citizenship, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and that this is true now as well as at the time the Complaint was filed in this matter, removal of this matter to the United States District Court for the Eastern District of California is proper.

Dated: August 20, 2008         WILSON, ELSER, MOSKOWITZ,
                             EDELMAN & DICKER LLP

                         By:    *Sean P Nalty*
                           SEAN P. NALTY
                           Attorneys for Defendants
                         BERKSHIRE LIFE INSURANCE COMPANY
                         OF AMERICA and THE GUARDIAN LIFE
                         INSURANCE COMPANY OF AMERICA

Notice of Removal of Civil Action to Federal Court

370834.1