1  SEAN P. NALTY  (SBN 121253)
   SHIVANI NANDA (SBN 253891)
2  WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California  94105
4  Tel:    (415) 433-0990
   Fax:    (415) 434-1370
5
   Attorneys for Defendant
6  BERKSHIRE LIFE INSURANCE COMPANY
   OF AMERICA and THE GUARDIAN LIFE
7  INSURANCE COMPANY OF AMERICA

8

9              UNITED STATES DISTRICT COURT

10           EASTERN DISTRICT OF CALIFORNIA

11

12 SERGIY VASYLYEV            )    CASE NO. CV-01961-JAM -GGH
                              )
13            Plaintiff,      )    DEFENDANT'S BERKSHIRE LIFE
                              )    INSURANCE COMPANY OF AMERICA
14       v.                   )    AND THE GUARDIAN LIFE INSURANCE
                              )    COMPANY OF AMERICA'S ANSWER
15 BERKSHIRE LIFE INSURANCE   )    TO PLAINTIFF'S COMPLAINT
   COMPANY OF AMERICA; THE    )
16 GUARDIAN LIFE INSURANCE    )
   COMPANY OF AMERICA         )
17                            )
              Defendants.     )    Action Filed:  May 29, 2008
18                            )

19

20

21        Defendants The Berkshire Life Insurance Company of America ("Berkshire") and the

22 Guardian Life Insurance Company of America ("Guardian") (collectively "defendants") answer

23 Sergiy Vasylyev ("plaintiff") complaint for damages ("the complaint") as follows:

24
          1.     Defendants admit the allegations in paragraph 1 of the complaint.
25
          2.     Defendants admit the allegations in paragraph 2 of the complaint.
26
          3.     Defendants admit the allegations in paragraph 3 of the complaint.
27

28

                                         1

374194.1

4.      Answering the allegations in paragraph 4 of the complaint, defendants admit that Berkshire is a wholly owned stock subsidiary of Guardian and that Berkshire processed, adjusted, and made the decisions concerning plaintiff's claim for disability benefits that is the subject of this action.  Except as admitted, defendants deny the remaining allegations in this paragraph.

5.      Answering the allegations in paragraph 5 of the complaint, defendants are not required to respond to the legal conclusions contained in this paragraph.  Defendants deny that plaintiff has sustained any damages.  Defendants admit that venue is proper in the United States District Court for the Eastern District of California in that the plaintiff is a resident of Sacramento County.  Except as so stated, defendants deny the remaining allegations in this paragraph.

6.      Answering the allegations in paragraph 6 of the complaint, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on this basis, deny the allegations in this paragraph.

7.      Answering the allegations in paragraph 7 of the complaint, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that plaintiff has a Ph.D. degree in Physics and Mathematics.  Defendants further admit that Berkshire received Vasylyev's statement of claim on September 25, 2006.  The statement speaks for itself.  He identified two occupations. He was employed as a programmer analyst by Sapphire Technologies ("Sapphire).  He also identified the work he performed for the company he owned called SVV Technology Innovations.  Except as so stated, defendants deny the allegations in paragraph 7 of the complaint.

8.      Answering the allegations in paragraph 8 of the complaint, defendants admit that plaintiff operated a company called S.V.V. Technology Immigrations, Inc. ("SVV") and that this company developed a prototype solar energy devise as more thoroughly described in the contracts and documents set forth in defendants' file pertaining to plaintiff's claim for disability benefits ("the claims file").  Defendants further admit that documents in the claim file record statements by plaintiff that he was involved in real estate investment.  Except as so admitted and stated, defendants deny the remaining allegations in paragraph 8 of the complaint.

9.      Answering the allegations in paragraph 9 of the complaint, defendants admit that the Guardian issued policy G-921488 to plaintiff on August 20, 2002 and policy G-932949 on August

374194.1

20, 2004 ("the policies"). The terms, conditions, limitations and restrictions stated in the policies speak for themselves. The policies provide disability insurance coverage as stated in the terms, conditions, and limitations set forth in the policies. Defendants further state that they are not required to answer allegations concerning the applicable law. Except as so admitted, defendants deny the allegations in paragraph 9 of the complaint.

10.    Answering the allegations in paragraph 10 of the complaint, defendants admit that the claim file contain documents which state that plaintiff was diagnosed with hypertension. Documents in the claim file also state that plaintiff claims to experience symptoms of headaches, fatigue, dizziness, reduced cognitive performance, and memory and concentration problems. Except as so stated, defendants deny the allegations in paragraph 10 of the complaint and deny that plaintiff has experienced symptoms to the severity that cause him to be disabled under the policies that are the subject of this matter.

11.    Answering the allegations in paragraph 11 of the complaint, defendants admit that the policies contain a residual disability rider. The terms, conditions, limitations and restrictions stated in the rider speak for themselves. Defendants further admit that documentation in the claim file states that plaintiff advised Berkshire, in September 2006, that he was unable to work at his job at SVV. Except as so admitted and stated, defendants deny the allegations in paragraph 11 of the complaint and deny that plaintiff is residually disabled under the terms, conditions and limitations set forth in the policies that are the subject of this matter.

12.    Answering the allegations in paragraph 12 of the complaint, defendants admit that documentation in the claim file states that plaintiff claimed in October 2006 to be totally disabled under the terms of the policies as of September 19, 2006. Except as so admitted, defendants deny the allegations in paragraph 12 of the complaint and further deny that that plaintiff qualified for total disability benefits under the policies that are the subject of this matter.

13.    Answering the allegations in paragraph 13 of the complaint, defendants admit that defendants denied plaintiff's claim that he was residually disabled from November 2005 to September 2006. Defendants further admit that on or about February 5, 2007, defendants paid plaintiff total disability benefits under the policies. The total monthly disability benefit paid by defendants under the policies was $8,080.00. Defendants further admit that defendants advised

3

plaintiff that the FIO policy that he applied for in August 2003 was not in force ("2003 FIO policy"). Defendants did not send lapse notices or premium notices under the 2003 FIO policy. Except as so admitted, defendants deny the allegations in paragraph 13 of the complaint.

14.    Answering the allegations in paragraph 14 of the complaint, defendants admit that Berkshire requested that plaintiff undergo a neuropsychological examination and testing and that Berkshire cancelled the medical evaluation of plaintiff. Defendants further admit that Berkshire removed the reservation of rights from the May 30, 2007 benefit payment and did not provide to plaintiff the test results from the neuropsychological examination. Except as so admitted, defendants deny the allegations in paragraph 14 of the complaint.

15.    Answering the allegations in paragraph 15 of the complaint, defendants admit that plaintiff obtained for his company, SVV, a grant from the Department of Energy and that he was working under this grant on solar devices. Except as so admitted, defendants deny the allegations in paragraph 15 of the complaint.

16.    Answering the allegations in paragraph 16 of the complaint, defendants admit that in a letter dated September 18, 2007, defendants advised plaintiff that he did not qualify for total disability benefits under the policies. Except as so admitted, defendants deny the allegations in paragraph 16 of the complaint.

17.    Answering the allegations in paragraph 17 of the complaint, defendants admit that in a letter dated March 24, 2008, defendants denied plaintiff's claim for disability benefits under the policies. Except as so admitted, defendants deny the allegations in paragraph 17 of the complaint.

18.    Defendants deny the allegations in paragraph 18 of the complaint.

19.    Answering the allegations in paragraph 19 of the complaint, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that plaintiff was born in the Ukraine and has a Ph.D. degree in Physics and Mathematics. Except as so stated, defendants deny the remaining allegations in paragraph 19 of the complaint as the remaining allegations are not a complete statement of plaintiff's occupation.

20.    Answering the allegations in paragraph 20 of the complaint, defendants admit that on August 20 of, 2002, Guardian issued policy G921488 to plaintiff ("the policy"). This policy included the residual rider, a cost of living adjustment rider, a feature increase option rider, and an

automatic increase. The monthly indemnity under this policy is $5,050.00 and is payable if plaintiff meets the terms, conditions, limitations, and restrictions stated in this policy for the payment of benefits. The terms, conditions, limitations and restrictions set forth in this policy speak for themselves and must be read in their entirety. Defendants deny the allegations in this paragraph to the extent that they are inconsistent or misstate the terms, conditions, limitations, and restrictions stated in the policy. Defendants deny the remaining allegations in paragraph 20.

21. Answering the allegations in paragraph 21 of the complaint, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated in this paragraph, and on this basis, deny the allegations stated in this paragraph.

22. Answering the allegations in paragraph 22 of the complaint, defendants admit that plaintiff applied for additional coverage under the FIO in August 2004 and was issued policy G-932949 on August 20, 2004 ("the 2004 FIO policy"). The 2004 FIO Policy has a base benefit amount of $2,150.00, a residual disability rider, and a COLA rider. The terms, conditions, limitations, and restrictions stated in the 2004 FIO Policy speak for themselves. Except as so admitted, defendants deny the allegations in paragraph 22 of the complaint.

23. Answering the allegations in paragraph 23 of the complaint, defendants admit the policy issued to plaintiff on August 20, 2002, and the 2004 FIO policy, provide a combined total disability benefit of $8,080. per month. Except as so admitted, defendants deny the allegations in paragraph 23 of the complaint to the extent the allegations misstate the terms of the policy and the 2004 FIO policy. Defendants deny the remaining allegations in paragraph 23 of the complaint.

24. Defendants deny the allegations in paragraph 24 of the complaint.

25. Answering the allegations in paragraph 25 of the complaint, defendants admit that in September of 2006, plaintiff advised defendants that he was employed by Sapphire Technologies ("Sapphire") and that pursuant to this employment, he provided services to the Sacramento County Sheriff's Department. Plaintiff advised Berkshire that he worked 30 hours a week programming computer systems and performing design analysis. He further advised Berkshire that he spent 10 hours a week working as a team leader which involved project management and software development. Except as so admitted, defendants deny the allegations in paragraph 25 of the complaint.

374194.1

26.     Answering the allegations in paragraph 26 of the complaint, defendants admit that plaintiff advised defendants that he owned SVV, that in September of 2006 he worked at SVV from 5:30 to 9:30 p.m. five days a week, and that he spent 12 hours a week working as a software engineer which involved programming systems analysis and design.  He further stated in September 2006 that he spent 8 hours a week doing project management which included planning, procurement, task scheduling, and receiving.  Defendants further admit that plaintiff advised defendants that SVV entered into a contract with the Sacramento Municipal Utility District for a project entitled Slat Array Concentrator Development.  Except as so admitted, defendants deny the allegations in paragraph 26 of the complaint.

27.     Answering the allegations in paragraph 27 of the complaint, defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 27 of the complaint, and on this basis, deny the allegations in this paragraph.

28.     Answering the allegations in paragraph 28 of the complaint, defendants admit that plaintiff advised Berkshire that he had sought medical treatment for a variety of subjective symptoms, including headaches, dizziness, and fatigue.  He also advised Berkshire that he was unable to secure contract work and continue to invest in real estate.  Except as so stated, defendants deny the allegations in paragraph 28 of the complaint.

29.     Answering the allegations in paragraph 29 of the complaint, defendants admit that plaintiff was diagnosed with hypertension and that he complained of fatigue, reduced cognitive performance, memory and concentration problems, and headaches.  Except as so stated, defendants deny the allegations in paragraph 29 of the complaint.

30.     Defendants admit the allegations in paragraph 30 of the complaint.

31.     Answering the allegations in paragraph 31 of the complaint, defendants admit that Berkshire received an October 4, 2006 communication from plaintiff in which he stated he was making a claim for total disability benefits as of September 19, 2006.  Defendants further admit that defendants received an attending physician statement, purportedly signed by Pavel Polskiy, M.D., stating that plaintiff was partially unable to work from November 29, 2005 to September 18, 2006 and was totally unable to work from September 19, 2006 to the present.  Except as so stated, defendants deny the allegations in paragraph 31 of the complaint.

32.     Answering the allegations in paragraph 32 of the complaint, defendants admit that Berkshire acknowledged plaintiff's notice of claim under the policies that were in force.  Except as so admitted, defendants deny the allegations in paragraph 32 of the complaint.

33.     Answering the allegations in paragraph 33 of the complaint, defendants admit that Berkshire had a medical consultant contact plaintiff's treating physician to discuss plaintiff's claimed impairment.   Except as so admitted, defendants deny the allegations in paragraph 33 of the complaint.

34.     Defendants admit the allegations in paragraph 34 of the complaint.

35.     Answering the allegations in paragraph 35 of the complaint, defendants admit that a field interview with plaintiff was tape recorded and that the poor quality of the recording made it impossible for the content of the recording to be transcribed accurately.  Except as so admitted, defendants deny the allegations in paragraph 35 of the complaint.

36.     Answering the allegations in paragraph 36 of the complaint, defendants admit that Berkshire received a claim form dated February 18, 2006 which stated that plaintiff was completely unable to work.  Berkshire also received an attending physician's statement from Dr. Druzhnikow, dated February 22, 2007, stating that plaintiff was completely unable to work.  Except as so admitted, defendants deny the allegations in paragraph 36 of the complaint.

37.     Answering the allegations in paragraph 37 of the complaint, defendants admit that Berkshire advised plaintiff that the FIO policy he applied for in August 2003 was not in force and provided to him a copy of a letter from Guardian which confirmed that he had not accepted this policy.  Defendants admit that Guardian did not send premium notices to plaintiff under this policy and has not paid benefits under this policy.  Guardian advised plaintiff that they would further investigate the issues surrounding this policy.  Guardian sent plaintiff a letter dated July 23, 2004 that speaks for itself.  Except as so stated, defendants deny the allegations in paragraph 37 of the complaint.

38.     Answering the allegations in paragraph 38 of the complaint, defendants admit that Berkshire received a claim form from plaintiff and an attending physician statement dated March 21, 2007 which stated that plaintiff was completely unable to work.  Except as so stated, defendants

374194.1

deny the allegations in paragraph 38 of the complaint and deny that plaintiff was disabled as that term is defined in the policies.

39.     Answering the allegations in paragraph 39 of the complaint, defendants admit that IMC Independent Medical Consultants ("IMC") advised plaintiff in a letter dated April 5, 2007 that a medical evaluation had been scheduled for him on June 13, 2007.  Defendants further admit that Berkshire received an April 20, 2007 claim form and an attending physician's statement dated April 17, 2007 stating that plaintiff was completely unable to work.  Except as so stated, defendants deny the allegations in paragraph 39 of the complaint and deny that plaintiff is disabled as that term is defined in the policies that are the subject of this action.

40.     Answering the allegations in paragraph 40 of the complaint, defendants admit that defendants' denied plaintiff's claim for residual disability benefits for the period November 2005 through September 2006 in a letter dated May 2, 2007. Except as so admitted, defendants deny the allegations in paragraph 40 of the complaint.

41.     Defendants admit the allegations in paragraph 41 of the complaint.

42.     Answering the allegations in paragraph 42 of the complaint, defendants admit that the claim file contains a May 15, 2007 letter from plaintiff requesting a "complete copy of your file pertaining to my disability case under the above policies." Defendants further admit that, in a letter dated May 22, 2007, Berkshire declined to provide plaintiff a copy of the complete claim file but did advise plaintiff that it would provide him copies of documentation in the claim file submitted directly by him.  Except as so admitted, defendants deny the allegations in paragraph 42 of the complaint.

43.     Answering the allegations in paragraph 43 of the complaint, defendants admit that Berkshire received a claim form from plaintiff dated May 20, 2007 and an attending physician statement dated May 17, 2007.  Each stated that plaintiff was completely unable to work.  Except as so admitted, defendants deny the allegations in paragraph 43 of the complaint and deny that plaintiff is entitled to benefits under the policies that are the subject of this action.

44.     Answering the allegations in paragraph 44 of the complaint, defendants admit that Berkshire advised plaintiff that it had cancelled the medical evaluation that had been scheduled for plaintiff.  Defendants further admit that Berkshire removed the reservation of rights on the May 30,

2007 total disability benefit payment. Berkshire did not share with plaintiff the results of the neuropsychological testing performed on plaintiff. Except as so admitted, defendants deny the allegations in paragraph 44 of the complaint.

45.   Answering the allegations in paragraph 45 of the complaint, defendants admit that Berkshire received a June 19, 2007 claim form and attending physician's statement stating that plaintiff was completely unable to work. Except as so admitted, defendants deny the allegations in paragraph 45 of the complaint.

46.   Answering the allegations in paragraph 46 of the complaint, defendants admit that Guardian advised plaintiff, in a letter dated July 5, 2007, that the FIO policy he had applied for in August 2003 was not in force among other things. This letter speaks for itself. Except as so admitted, defendants deny the allegations in paragraph 46 of the complaint.

47.   Answering the allegations in paragraph 47 of the complaint, defendants admit that Berkshire received a claim form dated July 18, 2007 and an attending physician's statement dated July 19, 2007 and that each document stated that plaintiff was completely unable to work. Except as so admitted, defendants deny the allegations in paragraph 47 of the complaint and deny that plaintiff is entitled to benefits under the policies that are the subject of this action.

48.   Answering the allegations in paragraph 48 of the complaint, defendants admit that plaintiff advised Berkshire that SVV had obtained a grant from the Federal Department of Energy ("the grant"). Defendants further admit that Berkshire requested documentation from plaintiff concerning this grant. Defendants further admit that Berkshire issued a July 27, 2007 total disability benefit with a reservation of rights while Berkshire investigated the grant. Except as so admitted, defendants deny the allegations in paragraph 48 of the complaint.

49.   Answering the allegations in paragraph 49 of the complaint, defendants admit that plaintiff provided some documentation concerning the grant. Except as so admitted, defendants deny the allegations in paragraph 49 of the complaint.

50.   Answering the allegations in paragraph 50 of the complaint, defendants admit that Berkshire received a September 10, 2007 communication from plaintiff which speaks for itself. Defendants further admit that on September 18, 2007, Berkshire denied plaintiff's claim for total disability benefits based on the work being performed by plaintiff under the Department of Energy

374194.1

grant.  Berkshire made a residual disability payment of $4,040.00 under the policies that were in force.  Except as so admitted, defendants deny the allegations in paragraph 50 of the complaint.

51.    Answering the allegations in paragraph 51 of the complaint, defendants admit that Berkshire concluded that plaintiff had two occupations and that Berkshire advised plaintiff of this conclusion at various points in the handling of his claim.  Berkshire further admits that plaintiff disagreed with this analysis and communicated his disagreement to Berkshire in letters that speak for themselves.  Except as so admitted, defendants deny the allegations in paragraph 51 of the complaint.

52.    Answering the allegations in paragraph 52 of the complaint, defendants admit that plaintiff's claim was assigned to Kate Bissaillon.  Defendants admit that Berkshire received a claim form and an attending physician's statement dated December 20, 2007.  These forms speak for themselves.  Defendants further admit that Berkshire advised plaintiff that he could appeal the denial of his residual disability claim for the period November 2005 to September 2006 and the policies do not have express provisions concerning the appeal process.  Except as so admitted, defendants deny the allegations in paragraph 52 of the complaint.

53.    Answering the allegations in paragraph 53 of the complaint, defendants admit that defendants issued a residual disability benefit check under the policies in the amount of $4,148.52 and dated December 20, 2007.  This payment included a $108.52 cost of living adjustment.  Except as so admitted, defendants deny the allegations in paragraph 53 of the complaint.

54.    Answering the allegations in paragraph 54 of the complaint, defendants admit that Berkshire denied plaintiff's claim for further disability benefits in a letter dated March 24, 2008.  The letter speaks for itself.  Except as so admitted, defendants deny the allegations in paragraph 54 of the complaint.

## FIRST CAUSE OF ACTION

## BREACH OF THE DUTY OF GOOD FAITH OF OUR DEALING

55.    Answering the allegations in paragraph 55 of the complaint, defendants incorporate by reference, as if they were fully set forth below, their responses to paragraph 1 through 54 of the complaint as set forth above.

374194.1

56.     Answering the allegations in paragraph 56 of the complaint, defendants are not required to respond to legal conclusions.  Defendants do admit that a duty of good faith and fair dealing is implied in the policies.

57.     Defendants deny the allegations in paragraph 57 of the complaint.

58.     Defendants deny the allegations in paragraph 58 of the complaint.

59.     Defendants deny the allegations in paragraph 59 of the complaint.

60.     Defendants deny the allegations in paragraph 60 of the complaint.

61.     Defendants deny the allegations in paragraph 61 of the complaint.

62.     Defendants deny the allegations in paragraph 62 of the complaint.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT)

63.     Answering the allegations in paragraph 63 of the complaint, defendants incorporate by reference, as if they were fully set forth below, defendants' answer to paragraphs 1 through 62 of the complaint as set forth above.

64.     Answering the allegations in paragraph 64 of the complaint, defendants admit that the policy issued to plaintiff in August 2002 and the FIO policy issued to plaintiff in August 2004 were in full force and effect.  The terms, conditions, limitations and restrictions set forth in these policies speak for themselves.  Except as so admitted, defendants deny the allegations in paragraph 64 of the complaint.

65.     Defendants deny the allegations in paragraph 65 of the complaint.

66.     Defendants deny the allegations in paragraph 66 of the complaint.

67.     Defendants deny the allegations in paragraph 67 of the complaint.

68.     Defendants deny the allegations in paragraph 68 of the complaint.

11

374194.1

## THIRD CAUSE OF ACTION

## (INTENTIONAL CONCEALMENT)

69.     Answering the allegations in paragraph 69 of the complaint, defendants incorporate by reference, as if they were fully set forth below, defendants' response to paragraphs 1 through 68 of the complaint as set forth above.

70.     Answering the allegations in paragraph 70 of the complaint, defendants are not required to respond to legal conclusions and this paragraph alleges legal duties.  To the extent that this paragraph contains factual allegations, defendants deny the factual allegations in this paragraph.

71.     Defendants deny the allegations in paragraph 71 of the complaint.

72.     Defendants deny the allegations in paragraph 72 of the complaint.

73.     Defendants deny the allegations in paragraph 73 of the complaint.

74.     Defendants deny the allegations in paragraph 74 of the complaint.

75.     Defendants deny the allegations in paragraph 75 of the complaint.

76.     Defendants deny the allegations in paragraph 76 of the complaint.

## FOURTH CAUSE OF ACTION

## (INTENTIONAL INTERFERENCE WITH CONTRACT AND PROSPECTIVE ECONOMIC ADVANTAGE)

77.     Answering the allegations in paragraph 77 of the complaint, defendants incorporate by a reference, as if they were fully set forth below, defendants' response to paragraphs 1 through 76 of the complaint as set forth above.

78.     Answering the allegations in paragraph 78 of the complaint, defendants admit that Berkshire is not a party to the insurance policies issued by Guardian to plaintiff.  Berkshire is a wholly owned subsidiary of Guardian.  Except as so admitted, defendants deny the allegations in paragraph 78 of the complaint.

374194.1

79.     Answering the allegations in paragraph 79 of the complaint, defendants are not required to answer conclusions of law.  To the extent that paragraph 79 contains factual allegations, defendants deny the factual allegations in this paragraph.

80.     Defendants deny the allegations in paragraph 80 of the complaint.

81.     Defendants deny the allegations in paragraph 81 of the complaint.

82.     Defendants deny the allegations in paragraph 82 of the complaint.

83.     Defendants deny the allegations in paragraph 83 of the complaint.

84.     Defendants deny the allegations in the prayer of the complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendants allege that the complaint, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against defendants, and each of them.

## SECOND AFFIRMATIVE DEFENSE

Defendants allege that any and all of the actions taken by any corporate officer, employee, and/or agent of defendants' were good faith assertions of the rights of defendants and were therefore privileged and/or justified.

## THIRD AFFIRMATIVE DEFENSE

Defendants allege that if plaintiff has sustained any damages as alleged in the complaint, which defendants deny, he has failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff has waived any and all claims that he may have or have had to the relief, if any, referred to in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff is estopped from alleging that defendants caused or contributed to the damages, if any, referred to in the complaint.  Defendants further allege that plaintiff is estopped from claiming that the August 2003 FIO policy is in force for, among other reasons, he has not paid the premiums required under the policy.

374194.1

**SIXTH AFFIRMATIVE DEFENSE**

Defendants allege, on information and belief, that plaintiff is barred from seeking any equitable relief by his own unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that plaintiff's claim for residual disability benefits is legally barred due to plaintiff's failure to provide notice as required under the policies.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants allege that if defendants failed to perform any obligations owing to the plaintiff, which defendants categorically deny, defendants allege that such performance was prevented as a result of acts or omissions of plaintiff and/or other third parties.

**NINTH AFFIRMATIVE DEFENSE**

Without conceding that plaintiff sustained any damages as alleged in the complaint, defendants allege that if any such damages were sustained by plaintiff, plaintiff failed to and did not exercise ordinary care, caution or prudence on his own behalf and that the alleged damages, if any, either sustained by plaintiff or referred to in the complaint were directly and proximately caused and contributed to by the acts and/or omissions of plaintiff.  Accordingly, recovery, if any, on the part of plaintiff against defendants must be reduced by a proportionate percentage of the wrong attributable to plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Defendants allege that, without conceding plaintiff has sustained any damages as alleged in his complaint, if any such damages were sustained by plaintiff, they were caused by persons or entities other than defendants, and at all times, these other person or entities were acting without the consent, authorization, knowledge or ratification of defendants, with regard to any and all of the acts alleged in the complaint, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities.

14

374194.1

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff failed to comply with one or more of the conditions precedent to coverage under the policies.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants allege that, if the August 2003 FIO policy applied for by plaintiff is found to be in force, then policy G-932949, issued on August 20, 2004 ("the 2004 FIO Policy"), would not have been issued by Guardian because plaintiff would not have qualified for the 2004 FIO Policy if the August 2003 FIO policy was in force. Accordingly, in the event that the August 2003 FIO policy is found to be in force, than the 2004 FIO policy must be rescinded and found by this court not to have ever been in force. Any benefits paid to plaintiff under the 2004 FIO policy must be credited to any benefits allegedly owed under the 2003 FIO policy and any premiums paid by plaintiff under the 2004 FIO policy must be credited to any premiums owed under the 2003 FIO policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants allege that any and all actions taken by defendants were fair and reasonable and were performed in good faith based on all the relevant facts known to defendants at all applicable times.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the complaint, and each purported claim for relief contained therein, fails to state any facts that would entitle plaintiff to recover general, compensatory, and/or punitive damages (including attorney's fees and costs) against defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the basis by which punitive damages are imposed pursuant to California statutory and common law, are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause) and the Fourteenth Amendments to the United States Constitution and the equivalent provisions in the California Constitution.

374194.1

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that the California practice of allowing the wealth of an insurance company defendant to be the primary measure for the imposition of a punitive and exemplary damage award constitutes an impermissible punishment of Guardian's and Berkshire's status in violation of its rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that granting plaintiff's prayer for punitive damages against it would violate certain provisions of the Constitution of the United States including but not limited to, the following:  The Fifth and Fourteenth Amendments guarantee these defendants due process of the law and are violated by the operation of such vague, imprecise and impermissible laws regarding both the awarding and the amount of punitive damages as are the laws on which the subject punitive damage claim is based; an award of punitive damages against Guardian and/or Berkshire under the facts of this case would violate due process as being grossly excessive in relation to the legitimate interests of the State of California; the Fourteenth Amendment guarantees defendants equal protection of the laws and is violated by the imposition of punitive damages in that such sanction is discriminatory and arbitrary in penalizing defendants on the basis of wealth; the Fourth, Fifth and Sixth Amendments form the basis for laws governing the processing, convicting and sentencing of criminal defendants and to the extent that the complaint is subjected to criminal sanction for punitive damages, the burden of proof required to impose the same should be proof beyond a reasonable doubt and punitive damages should not be awarded without affording defendants full range of criminal safeguards afforded by the Constitution and the imposition of punitive damages would violated Article I Section XX of said Constitution. Defendants further allege that in addition to the above, the imposition of punitive damages on defendants would violate similar and related provisions of the Constitution of the State of California.

374194.1

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants allege that the imposition of punitive damages against it would violate California Civil Code § 3294 for, among other reasons, there is no clear and convincing evidence of malice, oppression, or fraud by defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

Without conceding that plaintiff has suffered any damages as alleged in the Complaint, defendants allege that if any such damages were sustained by the plaintiff, those damages should be properly apportioned among all persons or entities who contributed to those damages in proportion to the fault of those persons or entities, pursuant to California Civil Code Section 1431.2 and any relevant provisions of California common and statutory law.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff's damage claims are limited by California Insurance Code section 10111.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that each of plaintiff's claims and causes of action herein are barred by the doctrine of accord and satisfaction and waiver, including, but not limited to, any claim that the August 2003 FIO policy is in force or has ever been in force.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that any claim for future benefits by plaintiff, and any award of future benefits in this action to plaintiff, must be discounted by the present value.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that plaintiff never made the periodic premium payment under the August 2003 FIO policy that is the subject of the complaint and or never accepted this policy. Accordingly, the August 2003 FIO policy is not in force now and has never been in force.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information on which to form a belief whether they may have additional, yet unstated affirmative defenses. Defendants reserve

374194.1

their right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

### **PRAYER**

WHEREFORE, Defendants pray for judgment against plaintiff as follows:

1.    That plaintiff take nothing by way of his complaint on file and that the same be dismissed with prejudice;

2.    For judgment against plaintiff and in favor of defendants;

3.    That defendants recover their costs of suit incurred herein, including reasonable attorney's fees; and

4.    For such other and further relief as this Court deems just and proper.


Dated: September 23, 2008         WILSON, ELSER, MOSKOWITZ,
                                  EDELMAN & DICKER LLP


                         By:_____/s/ Sean P. Nalty_____
                                  SEAN P. NALTY
                                  Attorneys for Defendants
                                  BERKSHIRE LIFE INSURANCE COMPANY OF
                                  AMERICA and THE GUARDIAN LIFE INSURANCE
                                  COMPANY OF AMERICA

18

374194.1

1

**PROOF OF SERVICE**
*Sergiy Vasylyev v. Berkshire Life Insurance Company of America, et al.*
*U.S.D.C. – Eastern District of California – Case No. CV-01961-JAM-GGH*

2

3

    I am over the age of eighteen years and am not a party to the within cause.  I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

4

5

    On this date, I served the following document(s):

6

**DEFENDANT'S BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA AND THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**

7

8

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

9

10

  →    :  **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

11

12

        :  **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

13

        :  **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

14

15

        :  **Facsimile** -- (Only where permitted.  Must consult CCP §1012.5 and California Rules of Court 2001-2011.  Also consult FRCP Rule 5(e).  Not currently authorized in N.D.CA.)

16

17

Douglas K. deVries, Esq.
deVries Law Firm
641 Fulton Avenue, Suite 200
Sacramento, CA  95825
Tel:    (916) 473-4343
Fax:    (916) 473-4342
***Attorneys for Plaintiff SERGIY VASYLYEV***

18

19

20

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

21

22

    EXECUTED on September 23, 2008, at San Francisco, California.

23

24

_____
Sina V. Taula

25

26

27

28

1